# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2023

Lyle W. Cayce
Clerk

No. 23-40582

HONORABLE TERRY PETTEWAY; HONORABLE DERRICK ROSE; HONORABLE PENNY POPE,

*Plaintiffs—Appellees*,

*versus*

GALVESTON COUNTY, TEXAS; MARK HENRY, *in his official capacity as Galveston County Judge*; DWIGHT D. SULLIVAN, *in his official capacity as Galveston County Clerk*,

*Defendants—Appellants*,

———————————————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GALVESTON COUNTY, TEXAS; GALVESTON COUNTY COMMISSIONERS COURT; MARK HENRY, *in his official capacity as Galveston County Judge*,

*Defendants—Appellants*,

———————————————————

DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH NAACP; MAINLAND BRANCH NAACP; GALVESTON LULAC COUNCIL 151; EDNA COURVILLE; JOE A. COMPIAN; LEON PHILLIPS,

*Plaintiffs—Appellees*,

*versus*

GALVESTON COUNTY, TEXAS; MARK HENRY, *in his official capacity as Galveston County Judge*; DWIGHT D. SULLIVAN, *in his official capacity as Galveston County Clerk*,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:22-CV-117, 3:22-CV-57,
3:22-CV-93

---

Before JONES, BARKSDALE, and ELROD, *Circuit Judges*.

PER CURIAM:

The Galveston County Commissioners Court is composed of four county commissioners, elected from single-member precincts, and one county judge, elected by the entire county. From 1991 to 2021, one of the four commissioner precincts had a majority-minority population, with blacks and Hispanics together accounting for 58 percent of the precinct's total population as of 2020. In 2021, the Galveston County Commissioners Court enacted a new districting plan for county commissioner elections. The enacted plan does not contain a majority-minority precinct. Following a bench trial, the district court found that the enacted plan dilutes the voting power of the county's black and Hispanic voters in violation of Section 2 of the Voting Rights Act. Galveston County appealed.

## I. Coalition Claims

The primary issue this case presents is whether distinct minority groups like blacks and Hispanics may be aggregated for purposes of vote-dilution claims under Section 2. The parties agree that neither the black population nor the Hispanic population of Galveston County is large enough to be protected, individually, by Section 2. *See Thornburg v. Gingles*, 478 U.S. 30, 50, 106 S. Ct. 2752, 2766 (1986) (explaining that, as a precondition to establishing a vote-dilution claim under Section 2, "the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a single-member district"). But precedent in this circuit permits distinct minority groups to be aggregated under Section 2. *See Campos v. City of Baytown*, 840 F.2d 1240, 1244 (1988) ("There is nothing in the law that prevents the plaintiffs from identifying the protected aggrieved minority to include both Blacks and Hispanics."); *LULAC v. Clements*, 999 F.2d 831, 864 (5th Cir. 1993) (en banc) (noting that this circuit "allow[s] aggregation of different minority groups where the evidence suggests that they are politically cohesive"). That precedent establishes the validity of so-called minority-coalition claims like those brought in this case. And this panel is bound by it under the rule of orderliness.

But the court's decisions in this respect are wrong as a matter of law. The text of Section 2 does not support the conclusion that distinct minority groups may be aggregated for purposes of vote-dilution claims. Subsection (b), for instance, requires a showing that "the political processes . . . are not equally open to participation by members of *a class* of citizens" protected by the statute. It again mentions "a protected class"—singular—in the next sentence. 52 U.S.C. § 10301(b). "Had Congress chosen explicitly to protect minority coalitions it could have done so by [using the phrase] *classes* of citizens. It did not." *Clements*, 999 F.2d at 894 (Jones, J., concurring). In addition, subsection (a) prohibits states or political subdivisions from

adopting voting practices that result "in a denial or abridgement of the right of any citizen . . . to vote on account of race[,] color," or language-minority status. 52 U.S.C. § 10301(a). This language ties Section 2's protection of voting rights to the particular race, color, or language-minority status of individual citizens, not to their membership in a broader coalition of races, colors, or language minorities. As the Sixth Circuit put it, "[Subsection (a)] protects a citizen's right to vote from infringement because of, or 'on account of,' that *individual's* race or color or membership in a protected language minority." *Nixon v. Kent Cnty.*, 76 F.3d 1381, 1386 (6th Cir. 1996) (en banc).

In dissenting and concurring opinions in *Campos* and *Clements*, Judge Higginbotham and Judge Jones identified additional problems with minority-coalition claims beyond their inconsistency with the text of Section 2. *Campos v. City of Baytown*, 849 F.2d 943, 944–46 (5th Cir. 1988) (Higginbotham, J., dissenting from denial of rehearing en banc); *Clements*, 999 F.2d at 894–98 (Jones, J., concurring); *see also LULAC v. Midland Indep. Sch. Dist.*, 812 F.2d 1494, 1503–09 (5th Cir.) (Higginbotham, J., dissenting), *majority opinion vacated on reh'g*, 829 F.2d 546 (5th Cir. 1987). These opinions demonstrate that minority-coalition claims are in tension both with the framework the Supreme Court established for analyzing vote-dilution claims in *Thornburg v. Gingles*, 478 U.S. 30, 106 S. Ct. 2752, and with the prohibition on proportional representation codified in Section 2 itself. *See Midland*, 812 F.2d at 1504 (Higginbotham, J., dissenting); *Clements*, 999 F.2d at 895–96 (Jones, J., concurring).

A circuit split has also developed since this court decided *Campos* and *Clements*. For example, the Sixth Circuit has expressly rejected minority-coalition claims, *Nixon,* 76 F.3d 1381, while the Eleventh Circuit—following the holdings of this court—has expressly authorized them, *Concerned Citizens of Hardee Cnty. v. Hardee Cnty. Bd. of Comm'rs*, 906 F.2d 524, 526 (11th Cir. 1990). In addition, decisions of the Supreme Court over the past

two decades have undermined the validity of minority-coalition claims. The most notable is *Bartlett v. Strickland*, 556 U.S. 1, 129 S. Ct. 1231 (2009). *Bartlett* held that Section 2 does not require the creation of crossover districts, *i.e.*, districts in which the minority population "make[s] up less than a majority of the voting-age population" but "is large enough to elect the candidate of its choice with help from voters who are members of the majority and who cross over to support the minority's preferred candidate." *Id.* at 13, 129 S. Ct. at 1242 (plurality opinion). The plurality wrote, "Nothing in § 2 grants special protection to a minority group's right to form political coalitions." *Id.* at 15, 129 S. Ct. at 1243.

The district court appropriately applied precedent when it permitted the black and Hispanic populations of Galveston County to be aggregated for purposes of assessing compliance with Section 2. But the members of this panel agree that this court's precedent permitting aggregation should be overturned. We therefore call for this case to be reheard *en banc*.

## II. Remaining Issues

Apart from challenging minority-coalition claims, Galveston County raises three issues on appeal. The first two relate to the district court's findings under the three preconditions minority groups are required to prove in Section 2 cases under *Gingles*. *See* 478 U.S. 50–51, 106 S. Ct. at 2766–67. This court has held that a district court's *Gingles* findings are reviewed for clear error. *E. Jefferson Coal. for Leadership & Dev. v. Par. of Jefferson*, 926 F.2d 487, 491 (5th Cir. 1991). After reviewing the district court's findings in this case, we are not "left with the definite and firm conviction that a mistake has been committed." *See N.A.A.C.P. v. Fordice*, 252 F.3d 361, 365 (5th Cir. 2001) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). The district court thus did not clearly err. The final issue concerns the constitutionality of Section 2. Galveston County has

No. 23-40582

failed to show that Section 2 is unconstitutional under existing precedent, especially in light of the Supreme Court's recent decision in *Allen v. Milligan*, 143 S. Ct. 1487, 1516–17 (2023). We therefore reject the County's constitutional challenge.

## III. Conclusion

The judgment of the district court is AFFIRMED. We request a poll on whether this case should be reheard *en banc* at the earliest possible date.[1]

_____

[1] Galveston County's petition for initial hearing *en banc* is DENIED as moot.